Filed 5/19/14  P. v. Kennedy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BERNARD CLAYTON KENNEDY,<br><br>      Defendant and Appellant. | 2d Crim. No. B251316<br>(Super. Ct. No. YA085573)<br>(Super. Ct. No. YA087043)<br>(Los Angeles County) |

Bernard Clayton Kennedy appeals from the judgment following his plea of no contest in a consolidated case to two counts of first degree residential burglary. (Pen. Code, § 459.)[1]  Pursuant to the negotiated plea, appellant admitted a prior strike conviction for first degree burglary (§§ 667, subds. (b) - (i); 1170.12, subds. (a) -(d)), was sentenced to eight years state prison, and was ordered to pay a $280 restitution fine (§ 1202.4, subd. (b)), a $280 parole revocation fine (§ 1202.45), a $80 court operations assessment (§ 1465.8, subd. (a)(1)), a $60 criminal conviction assessment (Gov. Code, § 70373), a $10 crime prevention fund fine (§ 1202.5), and victim restitution (§ 1202.4, subd. (f)).

Appellant filed a notice of appeal and a request for certificate of probable cause which was granted by the trial court.  (§ 1237.5, subd. (a).)  The request for certificate of probable cause alleged that appellant was under medication when the change of plea was

---

[1] All statutory references are to the Penal Code unless otherwise stated.

entered. The record shows that appellant conferred with counsel before the change of plea and that appellant expressly, knowingly, understandingly, and intelligently waived his constitutional rights with a full understanding of the nature and consequences of the change of plea and agreed upon sentence. (§1018; *Boykin v. Alabama* (1969) 395 U.S. 238, 243 [23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122, 132; see e.g., *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On April 1, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Eric C. Taylor, Judge

Superior Court County of Los Angeles

_____


California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Respondent.